UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Stephen Shefsky, et al.,

           Plaintiff(s),

vs.

Wynn Las Vegas, LLC, et al.,

           Defendant(s).

2:25-cv-00358-ART-MDC

ORDER

Pending before the Court are parties' *Motion to Seal* (ECF No. 21). For the reasons stated below, the Court GRANTS the *Motion to Seal*.

**DISCUSSION**

**I. BACKGROUND**

This is a case arising from "the collapse of a Ponzi scheme run by David Bunevacz ("Bunevacz") and certain of Bunevacz's relatives" and defendants' alleged negligence and unjust enrichment based on the facts of that scheme. *See ECF No. 1*. Plaintiffs allege that defendants' failure to investigate Bunevacz's source of wealth "resulted in Plaintiffs' total losses of monies loaned to Bunevacz." *Id.* at *10.*

**II. MOTION TO SEAL**

    **A. Legal Standard**

Courts have recognized that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Because of this, unless a particular court record is one "traditionally kept secret," there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must meet one of two standards. *See generally Ctr. for Auto Safety*, 809 F.3d at 1096-1102.

If a party seeks to seal a document attached to a dispositive motion, the party must show that there is a "compelling reason" to seal the document. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 667 (9th Cir. 2010). That is, the party seeking to seal "must articulate[] compelling reasons supported by specific factual findings…that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotations omitted). "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon* 435 U.S. at 599) (internal quotations omitted). However, courts have found compelling reasons to seal documents that might otherwise become a vehicle for improper purposes. *Nixon*, 435 U.S. at 598.

If a party seeks to seal a document attached to a non-dispositive motion, then the party need only show that "good cause" exists. *Pintos*, 605 F.3d at 678. This is the same good cause standard that applies to protective orders under Rule 26(c) of the Federal Rules of Civil Procedures. *Kamakana*, 447 F.3d at 1179-80. "For good cause to exist, the party seeking [to seal] bears the burden of showing specific prejudice or harm will result[.]" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

**B. Analysis**

Parties seek to seal "Exhibits 2 and 3 to Plaintiffs' Appendix in support of Plaintiffs' Opposition to Defendants Motion for Summary Judgment." ("Exhibits") *See ECF No. 21*. Motions for Summary Judgment are dispositive. Because the motion pertains to exhibits regarding a dispositive motion, the Court finds that the compelling reason standard applies.

Parties state that the Exhibits were discovery materials from their prior Section 1782 action. *Id.* at 1. "Exhibits 2 and 3 contain information about Wynn's internal business operations and investigations, policies and practices regarding compliance and investigatory activities, and internal information regarding non-party David Bunevacz's room arrangements and stays at Wynn Las Vegas." *Id.* Parties argue that compelling reason exists to seal the Exhibits because the documents in question (1)

were marked as confidential in their prior Section 1782 action and (2) because they relate to sensitive business information. The Court finds that parties have met the compelling reason standard. *See e.g., ImageKeeper LLC v. Wright Nat'l Flood Ins. Servs.*, 2024 U.S. Dist. LEXIS 56169, at *17 (D. Nev. March 27, 2024) (confidential business information such as licensing terms, royalty rates, and proprietary business plans satisfy the compelling reason ) (collecting cases); *See also Aevoe Corp. v. AE Tech. Co.,* 2013 U.S. Dist. LEXIS 74241, at *3-6 (D. Nev. May 24, 2013) (finding good cause to seal financial information business strategies, sales information, customer and business affiliate identities, and pricing information that the party treats as sensitive business information). Therefore, the Court will grant the motion to seal.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to Seal* (ECF No. 21) is **GRANTED**.

DATED this 11th day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge