**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Stephen Shefsky, et al., | **Case No. 2:25-cv-00358-ART-MDC** |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Wynn Las Vegas, LLC, et al., | |
| Defendant(s). | |

On May 19, 2025, defendants Wynn Las Vegas, LLC ("Wynn Las Vegas") and Wynn Resorts, Limited ("Wynn Resorts") (together, "Wynn") filed a *Motion to Stay Discovery Pending Resolution On Motion For Summary Judgment* (*ECF No. 22*)("Motion")*.* The Court **GRANTS** the defendants' Motion for the reasons set forth below.

## I.    BACKGROUND

This is a case arising from "the collapse of a Ponzi scheme run by David Bunevacz ("Bunevacz") and defendants' alleged negligence and unjust enrichment based on that scheme. *ECF No. 1* at 1. Bunevacz's Ponzi scheme defrauded over 100 investors, allegedly including plaintiffs, of over $45 million in total. *Id.* at 8. He allegedly spent at least $3.7 million of stolen money at Wynn between January 2018 and 2019. *ECF No. 18* at 4. During this period, plaintiffs allegedly loaned Bunevacz $4.6 million. *Id.* Plaintiffs allege that defendants' failure to investigate Bunevacz's source of wealth "resulted in Plaintiffs' total losses of monies loaned to Bunevacz." *ECF No. 1* at 10.

On March 21, 2023, based on these alleged facts, plaintiff Stephen Shefsky ("Shefsky") filed a 28 U.S.C. § 1782 Application in this District seeking pre-litigation discovery to properly plead a case he planned to bring in Canada. *In re Application of Stephen Shefsky for an Order to Take Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782*, No. 2:23-cv-00633-JCM-BNW, *ECF No. 1* (D. Nev. Mar. 1, 2023) ("Section 1782 proceedings"). On November 1, 2023, the Court granted Shefsky's Application. *In re Application of Stephen Shefsky*, *ECF No. 21*. The Court permitted discovery and

ordered defendants to produce various documents and have a representative give Rule 30(b)(6)

testimony relating to Bunevacz's spending at the defendants' establishments and the measures that

defendants undertook to monitor the source of Bunevacz's spending.[1]

Plaintiffs later commenced this action and filed their Complaint on February 25, 2025. *ECF No. 1*. On March 27, 2025, defendants filed a *Motion to Dismiss* (*ECF No. 10*) ("MTD") in response to plaintiffs' Complaint. On April 3, 2025, Defendants converted their MTD into a *Motion for Summary Judgment*. *ECF No. 13*. Thereafter, defendants filed their Motion on May 19, 2025. *ECF No. 22*.

## II.    LEGAL STANDARD

### A.    The Court Has Inherent Discretion to Control Discovery

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall

---

[1] Defendants were ordered to produce documents such as: "All Documents relating to Transactions between Wynn and… Bunevacz . . . . All Documents relating to… Bunevacz's Player Profile Information . . . . All Documents constituting communications… relating to… Bunevacz's Player Profile Information." *In re Application of Stephen Shefsky*, *ECF No. 35* at 18-20. Defendant's representative also testified as matters such as the:

> management of… Bunevacz's accounts at Wynn . . . . Wynn's monitoring, documenting, and processing of Transactions between Wynn and… Bunevacz [and his Player Profile information] . . . . Wynn's actions taken to ensure compliance with state and federal reporting obligations and the issuing of Suspicious Activity Reports by Casinos (SARC) with respect to gambling Transactions between… Bunevacz and Wynn.

*In re Application of Stephen Shefsky*, *ECF No. 35* at 20-23. Shefsky later filed an action against defendants in Ontario, Canada on April 2, 2024. *ECF No. 13, Ex. A*.

'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

### B.    The Pragmatic Approach

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *2-3 (D. Nev. May 21, 2024)*.* The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.*, at *2

## III.    STAYING DISCOVERY IS APPROPIATE UNDER THE PRAGMATIC APPROACH

### A.    Discovery is Not Needed to Respond to the Pending Motion for Summary Judgment

Parties disagree on whether discovery is needed to decide the Motion. Defendants argue its *Motion for Summary Judgment* show that plaintiffs' negligence and unjust enrichment claims fail as a matter of law, and involve no issues of fact, and that plaintiffs had adequate discovery opportunities under the Section 1782 proceedings. *ECF No.* 22. Plaintiffs disagree and claim that the *Motion for Summary Judgment* raises factual issues and that the Section 1782 proceedings discovery was too limited in scope to properly adjudicate the *Motion for Summary Judgment*. *ECF No. 26*.[2]

The Court agrees with defendants that discovery is not needed to decide the *Motion for Summary Judgment*. The Court also finds that plaintiffs failed to articulate the specific discovery needed, if any, to respond to the *Motion for Summary Judgment*, which turns on legal issues.

---

[2] Plaintiffs also take issue with defendants' statute of limitations argument regarding the negligence cause of action and note that disputes of fact may exist as to when plaintiffs learned that "Bunevacz spent their funds at the Wynn Las Vegas." *ECF No. 26* at 14. However, as the *Motion for Summary Judgment* is not dependent on addressing the statute of limitations argument, and the thrust of that Motion is unrelated to the statute of limitations issue, the Court does not address that dispute.

Plaintiffs' argument that discovery is needed because the *Motion for Summary Judgment* raised factual issues is unpersuasive. Plaintiffs argue that the negligence claim, and the question whether defendants owed a duty of care, are issues of "material factual dispute[]." *ECF No. 26* at 12. They also state that the unjust enrichment claim requires discovery "from Bunevacz's financial institutions and likely… a forensic accounting expert to trace the funds." *Id.* at 13. However, Plaintiffs failed to file a Rule 56(d) declaration specifically identifying the discovery needed to oppose defendants' *Motion for Summary Judgment*. Plaintiffs only argue a generalized need for discovery, much of which appears to have already been afforded to them by the Section 1782 proceedings. Plaintiffs do not identify any specific additional discovery. The Ninth Circuit stated that "[a] party seeking to delay summary judgment for further discovery must state what other **specific** evidence it hopes to discover [and] the relevance of that evidence to its claims." *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (emphasis added) (internal quotations omitted). That party must set forth in an affidavit "(1) **specific** facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Id.* (emphasis added); *see also Antonetti v. McDaniels*, No. 3:16-cv-00396-MMD-WGC, 2021 WL 11421338, at *3 (D. Nev January 25, 2021). Plaintiffs' generalized statements that there are "material factual disputes" (*ECF No. 26* at 12) and requests to find out more information on Bunevacz's financial institutions and using "forensic experts" to "trace [Bunevacz's]… funds" spent at Wynn (*ECF No. 26* at 13) do not suffice to justify further discovery. *See e.g., Stevens*, 899 F.3d at 678 (assertion that "documents are likely to be directly relevant" are too generalized).

While plaintiff Shefsky offers a declaration (*ECF No. 19-1*), he does not identify discovery with the requisite specificity required by Rule 56(d). *Stevens*, 899 F.3d at 678. Shefsky requests broad and generalized discovery, from getting information on the "full range of years in which [defendants][] dealt with Bunevacz" to getting depositions of personnel who interacted with Bunevacz. *ECF No. 19-1* at ¶¶15-17. However, missing from his declaration is any discussion in which he specifically disputes any

of the facts defendants state are undisputed in its *Motion for Summary Judgment* and specific discovery required to rebut or respond those facts. In sum, Shefsky does not state how his broad and general requests for discovery are needed to oppose defendants' *Motion for Summary Judgment*.

Defendants' *Motion for Summary Judgment* is premised on legal issues. Specifically, whether plaintiffs' claims fail as a matter of law. *ECF No. 13* at 5.[3] For example, defendants argue that plaintiffs' claim that defendants breached a duty of care under the Bank Secrecy Act (BSA) fails because the BSA does not provide a private right of action. *See generally ECF No. 13*. Plaintiffs disagree and argue the BSA provides a private right of action for alleged violations by "highly regulated casino[s]" subject to the statute. *ECF No. 26* at 10-11. Plaintiffs' rebuttal is legal. Plaintiffs do not identify what facts, if any, that remain to be discovered that would change whether the BSA provides a private right of action or not.

Finally, the Court notes that Section 1782 discovery afforded to plaintiff Shefsky was broad. It allowed Shefsky to a wide array of documents regarding business transactions between defendants and Bunevacz. *In re Application of Stephen Shefsky*, *ECF No. 35* at 18-20. Plaintiffs deposed defendants' Rule 30(b)(6) representative on a broad range of topics, from how defendants managed Bunevacz's accounts with them to how they followed their federal and state obligations regarding monitoring their gambling transactions. *Id.* at 20-23. That said, a stay is appropriate here because plaintiffs did not identify any specific (additional) discovery necessary to respond to defendants' *Motion for Summary Judgment*. *See Aristocrat Techs., Inc.*, 2024 WL 2302151, at *4.

**B.    Good Cause Exists to Stay Discovery**

The good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1. Thus, good cause exists where a staying discovery secures "the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P.

---

[3] This Motion was formerly a *Motion to Dismiss* for failure to state a claim (*ECF No. 10*) before being converted into a *Motion for Summary Judgment*.

1.; *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."); *see also Schrader v. Wynn Las Vegas*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *2 (good cause may be found where a movant seeks to stay discovery to prevent the undue burden or expense).

Defendants have shown good cause to stay discovery. Defendants argue that discovery will cause "costly and ineffective" for both them and the plaintiffs, especially while their dispositive *Motion for Summary Judgment* is pending.[4] *See Free Speech Found., Inc. v. Phila. Indem. Ins. Co.*, No. 2:23-cv-01407-MMD-BNW, 2023 WL 11802591, at *3 (D. Nev. Dec. 22, 2023) (the burden of showing discovery may be unduly burdensome is lower in the context of moving to stay discovery pending adjudication of a dispositive motion). In addition, they note that plaintiffs have not shown any prejudice they would suffer if discovery was stayed here. Moreover, defendants state that a reason that this case is before this Court is because of a pending personal jurisdiction dispute in the filed Canada case. *ECF No. 27* at 10-11. Ordering discovery here would potentially waste judicial resources while there is a chance that the case, and discovery opportunities, would proceed in Canada. Therefore, staying discovery under the circumstances of this case furthers the goals of Rule 1.

Plaintiffs argue that it would be "more just and inexpensive for discovery to move forward because the discovery will be used whether the case proceeds in Canada or Nevada." *ECF No. 26* at 15. However, plaintiff Shefsky already conducted substantial discovery in the Section 1782 proceedings, and, as discussed above, plaintiffs fails to identify any specific discovery needed to resolve defendants' dispositive motion. Plaintiffs' argument against staying discovery because defendants rejected their offer stay these proceedings in exchange for an agreement toll the statute of limitations pending resolution of

---

[4] Defendants also argue that good cause exists to stay discovery because "because the pending motion is potentially (and likely) dispositive of the entire case" and they gave "strong justification for why each claim fails without the need for additional discovery." *ECF No. 22* at 8. However, the Court does not address this argument because the defendants otherwise shown good cause.

the filed Canada case is not persuasive. *ECF No. 26* at 15-16. Defendants had no obligation to accept the plaintiffs' offer and their choice to not accept should not affect if good cause exists in this case.

ACCORDINGLY,

**IT IS ORDERED** that defendants' Motion (*ECF No. 22*) is GRANTED. Discovery is stayed pending the disposition of defendants' *Motion for Summary Judgment* (*ECF No. 13*) or further Court order, including an order on any motion to lift the stay.

DATED this 22nd day of August 2025.

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge